UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFALFA GREEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARY BATCHELOR, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-0538-EFB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (ECF No. 10).

## Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

1 | relief may be granted," or "seeks monetary relief from a defendant who is immune from such
2 | relief." *Id.* § 1915A(b).

3 | A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
4 | of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
5 | plain statement of the claim showing that the pleader is entitled to relief, in order to give the
6 | defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
7 | *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
8 | While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
9 | its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
10 | U.S. 662, 679 (2009).

11 | To avoid dismissal for failure to state a claim a complaint must contain more than "naked
12 | assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
13 | action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
14 | a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
15 | 678.

16 | Furthermore, a claim upon which the court can grant relief must have facial plausibility.
17 | *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
18 | content that allows the court to draw the reasonable inference that the defendant is liable for the
19 | misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a
20 | claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
21 | *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
22 | plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

24 | Plaintiff alleges that at a July 27, 2017 classification hearing, he spoke up "in defense of
25 | [his] rights and privileges," and questioned who was "in charge" of the meeting. ECF No. 1 at 3.
26 | Defendant Batchelor allegedly became enraged and threatened to label plaintiff a sex offender.
27 | *Id.* On September 11, 2017, defendant Batchelor allegedly "ma[de] good on her threat" and
28 | falsely noted in plaintiff's C-file that he is a sex offender. *Id.* at 8.

2

Plaintiff names additional defendants – Myers, Difuntorum, Bayoneta, August, and Moreno – but includes no allegations of wrongdoing against them. *See generally id.*

Liberally construed, plaintiff's allegations state a potentially cognizable First Amendment retaliation claim against defendant Batchelor. Plaintiff may either proceed with his retaliation claim against Batchelor only or he may amend his complaint to attempt to assert additional claims against the other named defendants. He may not, however, change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Moreover, plaintiff is not obligated to amend his complaint.

### Leave to Amend

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff is not obligated to file an amended complaint.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

/////
/////
/////

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 10) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint alleges, for screening purposes, a viable First Amendment retaliation claim against defendant Batchelor.
4. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.
5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time;
6. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: March 10, 2020.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFALFA GREEN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MARY BATCHELOR, et al.,<br><br>　　　　　　Defendants. | No. 2:19-cv-0538-EFB P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

In accordance with the court's Screening Order, plaintiff hereby elects to:

　　(1) _____ proceed only with First Amendment retaliation claim against defendant Batchelor;

OR

　　(2) _____ delay serving any defendant and files an amended complaint.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

Dated: