UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFALFA GREEN,<br><br>        Plaintiff,<br><br>    v.<br><br>MARY BATCHELOR,<br><br>        Defendant. | Case No. 2:19-cv-00538-TLN-JDP (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>ECF No. 34 |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that defendant Batchelor violated his First Amendment rights by affixing an "R" suffix to his file in retaliation for him "speaking up in defense of [his] rights and privileges."[1] ECF No. 1 at 3. He has filed a motion to compel, ECF No. 34, defendant has filed an opposition, ECF No. 35, and plaintiff has filed a reply, ECF No. 36.[2] I will grant plaintiff's motion in part.

---

[1] Plaintiff alleges that an "R" suffix is used to label sex offenders within the California Department of Corrections and Rehabilitation. ECF No. 1 at 3.

[2] Plaintiff's reply does not address the substance of defendant's arguments. Instead, it offers reasons for why plaintiff did not complete the meet and confer process and requests appointment of counsel. ECF No. 36 at 1-2. I decline to appoint counsel because there is no right to counsel in this action and, at this time, plaintiff appears capable of representing himself. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

1

**Legal Standards**

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable."). A responding party is typically not required to conduct extensive research to answer an interrogatory, but reasonable efforts must be undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or if the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

**Analysis**

Four requests for admission (Nos. 1, 6, 8, & 10) and five interrogatories (Nos. 3, 4, 6, 8, & 9) are at issue in plaintiff's motion to compel.[3]

**I.   Request for Admission Number One**

Plaintiff asks defendant to admit that he was never charged with "a PC 261 or sex offense." ECF No. 34 at 6. Defendant objected to the request as vague and overbroad, but ultimately answered that she did not have enough information to admit or deny the request. Plaintiff argues that defendant failed to document what efforts were undertaken to locate the relevant information. *Id.* at 7. He also argues that, if she did not have the necessary information, she should not have affixed the "R" suffix to his file. *Id.*

In her response to plaintiff's motion to compel, defendant states that she knows that he was arrested for rape under Penal Code 261 in 1989. ECF No. 35 at 6. Relevant to this request for admission, however, she does not know whether he was ever formally charged for that crime

---

[3] Defendant states that plaintiff did not raise his issues with her answers to his requests for admissions during their meet and confer. ECF No. 35 at 4-5. She argues that he should now be precluded from disputing the adequacy of her answers. *Id.* I agree that parties should be held to their meet and confer obligations. *See* Fed. R. Civ. P. 37(a)(1); L.R. 251(b). I will not summarily deny plaintiff's motion on that basis now, but going forward he is advised that a failure to meet and confer will result in a summary denial of his motions.

or any other sex offense. *Id.* Defendant's answer suffices; I cannot compel her to admit to facts beyond her knowledge. Additionally, plaintiff is advised that arguments concerning the merits of the case are inappropriate in a motion to compel. The only relevant issue is whether a party has fulfilled its discovery obligations.

### II. Request for Admission Number Six

Plaintiff asks defendant to admit that "[a]n 'R' suffix shall not be applied if inmate was acquitted/found not guilty of the sex related charges in a court of law." ECF No. 34 at 7. Defendant denied this request for admission. Plaintiff argues that defendant's denial is inconsistent with California Department of Corrections and Rehabilitation ("CDCR") regulations. *Id.* I cannot compel defendant to change her response because plaintiff disagrees with it. Plaintiff is free to argue, in a future dispositive motion or at trial, that CDCR regulations support his position. I will not take up those arguments in a motion to compel, however.

### III. Request for Admission Number Eight

Plaintiff asks defendant to admit that "[y]ou inserted plaintiff's name in place of suspect in the circumstances section of 128 g hearing notes, thus altering original document relied upon by the committee to affix an 'R' suffix in plaintiff's file." ECF No. 34 at 7-8. Defendant denied this request after objecting to it as vague and incomplete. *Id.* Plaintiff's argument is, in effect, that defendant's denial was untruthful. *Id.* at 8. Again, I cannot compel defendant to change her answer because plaintiff disagrees with it. Arguments about the facts are beyond the scope of this discovery dispute.

### IV. Request for Admission Number Ten

Plaintiff asks defendant to admit that "Plaintiff was immediately released by police once it was determined he was not identified as the suspect to the alleged sex offense." ECF No. 34 at 8. Defendant denied this request after stating that she did not have enough information to admit or deny it. *Id.* As with request for admission number one, plaintiff argues that defendant did not document the investigation she undertook to answer this request. *Id.* He also argues that it was her job duty to know this information. *Id.* The same analysis as stated above with respect to request for admission number one applies here. Additionally, defendant states that she has

already produced a copy of the 1989 arrest report to plaintiff. ECF No. 35 at 8-9. That document did not state how long plaintiff was held in custody by the Los Angeles police. *Id.* at 9. I find that defendant has fulfilled her discovery obligations and will not compel her amend her answer.

### V.   Interrogatory Number Three

> "Describe in detail the information contained in Plaintiff's C-file that you relied upon to place an 'R' in his central file.
>
> A. Produce all documents that support the answer to this interrogatory."

Defendant objected to this interrogatory as vague, compound, unduly burdensome, and an improper combination of both an interrogatory and a request for production. ECF No. 34 at 3. She nevertheless responded that:

> Plaintiff's central file contains an Institutional Staff Recommendation Summary, prepared by CCI A. Davis around August 11, 1992, reflecting that Plaintiff had a June 23, 1989 arrest by the Los Angeles Police Department for alleged rape by force or fear. Responding party also relied on Plaintiff's arrest report from Los Angeles County. Responding party states that both documents should be in Plaintiff's central file.

*Id.* Defendant also states that she produced the recommendation summary to plaintiff. ECF No. 35 at 10.

Plaintiff now argues that the produced arrest report is "incomplete" and not sufficient to warrant an "R" identifier. ECF No. 34 at 3. He does not specify how the document is incomplete, however, and defendant states that the produced document exactly matches that in plaintiff's central file. ECF No. 35 at 10. Plaintiff's argument about whether the document justified the "R" affixation is beyond the scope of this motion to compel. I will not order defendant to supplement her answer.

### VI.   Interrogatory Number Four

> "Describe in detail why prior to 2017 an 'R' was not placed in Plaintiff's C-file.
>
> A. Produce all documents that support the answer to this interrogatory."

Defendant objected to this interrogatory as vague, compound, unduly burdensome, and an improper combination of both an interrogatory and request for production. ECF No. 34 at 3. She

4

1  nevertheless responded that she lacked sufficient knowledge and information to answer this
2  interrogatory. ECF No. 34 at 4.

3        Plaintiff argues that defendant failed to describe the efforts she made to locate this
4  information. *Id.* He also argues that he had numerous reviews over the past twenty-five years
5  that did not result in an "R" affixation. *Id.* Defendant responds that she is does not know why
6  other CDCR counselors declined to place an "R" label on his file, ECF No. 35 at 11, since she
7  cannot speak for the other counselors and since any information they might have relied on would
8  be in their possession, not hers. *Id.* I find this answer sufficient. I cannot require defendant to
9  produce documents that are not in her possession. Fed. R. Civ. P. 34(a). Neither can I compel
10 defendant to provide answers that she does not have. *See, e.g.*, *Calderon-Silva v. Evans*, No.
11 2:11-cv-1155-EFB P, 2013 U.S. Dist. LEXIS 118981, *10 (E.D. Cal. 2013).

12     **VII.**    **Interrogatory Number Six**

13         "Identify all complaints and prisoner appeals and disciplinary
14         actions that have been submitted against you while in your role as a correctional officer.

15         A. Produce all documents that support the answer to this
16         interrogatory."

17       Defendant objected to this request as vague, compound, unduly burdensome, not
18 calculated to lead to the discovery of admissible evidence, and an improper combination of both
19 an interrogatory and a request for production. ECF No. 34 at 5. Nevertheless, she stated that she
20 would be responding separately to the request for production. *Id.* Plaintiff argues that the
21 materials are relevant and should be produced. *Id.* In her opposition to the motion, defendant
22 argues that the interrogatory's broadness and want of relevance requires its rejection. ECF No. 35
23 at 12. I agree. Production of all complaints, prison appeals, and disciplinary actions ever
24 submitted against defendant would likely sweep in numerous irrelevant documents, some of
25 which might contain sensitive information about other inmates or prison staff. And, as defendant
26 correctly points out, plaintiff does not allege that the retaliation at issue in this case was part of a
27 pattern or custom.
28

**VIII.   Interrogatory Number Eight**

> "Describe the requirements under law Plaintiff will have to submit to as a consequence of the 'R' suffix now in his c-file.
>
> A. Produce all documents that support the answer."

Defendant objected to this interrogatory as vague, compound, overbroad, unduly burdensome, and an improper combination of an interrogatory and a request for production. ECF No. 34 at 5. She did not provide an answer. Plaintiff argues that defendant should be compelled to answer because he may have to endure the requirements for the rest of his life. *Id.* at 5-6. Defendant argues that plaintiff has not shown that the requirements are relevant to the claims in this case. ECF No. 35 at 13. I disagree with defendant. Relevancy should be construed "liberally and with common sense," and discovery requests should be deemed irrelevant only if the information sought could have no conceivable bearing on the case. *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992). It is at least conceivable that the requested information could be relevant to a determination of damages if plaintiff succeeds in this suit.

I do agree with defendant that the phrase "under law" is vague. Therefore, I will order her to describe the requirements under CDCR regulations to which plaintiff will have to submit. She should produce all documents that support her answer.

**IX.   Interrogatory Number Nine**

> "Describe in detail the substantial risk [of] harm to a prisoner with an 'R' suffix in his file."

Defendant objected to this interrogatory on the grounds that it is vague, compound, overbroad, and unduly burdensome. ECF No. 34 at 6. She did not provide an answer. Plaintiff argues that the information is relevant insofar as it goes to "the risk of harm he faces as a consequence of the defendant's actions." *Id.* In her opposition, defendant argues that answering this question would force her to speculate insofar as the term "substantial harm" is undefined; she notes that plaintiff does not describe any scenarios or circumstances upon which plaintiff would like her to opine. ECF No. 35 at 14. I agree with defendant. Absent elaboration as to what "substantial risk [of] harm" means in this context, she can only offer a speculative answer to this

6

1 question. I will not require her to speculate. *See, e.g.*, *Noble v. Gonzalez*, No. 1:07-cv-01111-
2 LJO-GSA-PC, 2013 U.S. Dist. LEXIS 121252, *48 (E.D. Cal. 2013) ("Defendant is not required
3 to speculate when responding to interrogatories.").

   Based on the foregoing, it is ordered that plaintiff's motion to compel (ECF No. 34) is granted in part. Within thirty days of this order, defendant shall supplement her answer to interrogatory number eight and provide plaintiff with the requirements, under CDCR regulations, to which an inmate with an "R" affix must submit. She shall also provide him with any documents that support her answer. Plaintiff's motion is denied in all other respects.

IT IS SO ORDERED.

Dated:    June 8, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

7