UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFALFA GREEN,<br><br>         Plaintiff,<br><br>    v.<br><br>MARY BATCHELOR,<br><br>         Defendant. | Case No.  2:19-cv-0538-TLN-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DEFER CONSIDERATION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND TO APPOINT COUNSEL<br><br>ECF No. 42 |

    This action proceeds on plaintiff's First Amendment retaliation claim against defendant Batchelor. Plaintiff alleges that in retaliation for him "speaking up in defense of [his] rights and privileges" at a classification hearing, defendant altered the designation in plaintiff's central file to incorrectly reflect that he is a sex offender. Defendant has moved for summary judgment on the complaint's sole claim. ECF No. 41. Instead of filing an opposition to defendant's motion, plaintiff has filed a motion to defer consideration of defendant's motion pursuant to Federal Rule of Civil Procedure 56(d) and to appoint counsel. That motion is denied.

    Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d). To obtain leave to conduct additional discovery under Rule 54(d), a party must identify the specific facts that he or she hopes to elicit through discovery and show that the facts are necessary to defeat

1

summary judgment. *Family Home & Finance Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). "The party seeking additional discovery also bears the burden of showing that the evidence sought exists." *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). Even if the moving party satisfies these requirements, its motion may be denied if the party fails to diligently pursue discovery. *Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56(f) motion."); *Qualls By and Through Qualls v. Blue Cross of Calif., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (holding that a Rule 56(d) motion may be denied if the movant failed to "diligently pursu[e] its *previous* discovery opportunities") (emphasis in original).

Plaintiff asks the court to defer consideration of defendant's motion for summary judgment to allow him to conduct additional discovery. He argues that to oppose defendant's motion, he needs to: (1) submit a Public Records Act Request for all appeals and complaints filed against defendant in the last five years, and (2) obtain declarations from three prisoners who have had altercations with defendant.[1] ECF No. 42 at 1-2. Plaintiff explains that the appeals and complaints will "demonstrate a pattern of abuse of authority and similar egregious conduct." *Id*. at 2. As for the declarations from other inmates, he contends that they will show that defendant abused her authority on other occasions and "provide context to the allegations of the complaint." *Id*.

As a threshold matter, the court notes that plaintiff previously sought to compel defendant to provide information about all complaints, prisoner appeals, and disciplinary actions submitted against her. ECF No. 34. The court denied the motion to compel as to those records, finding that

---

[1] Plaintiff also states that he is concerned that the transcript of his deposition, which defendant submitted in support of her motion for summary judgment, "is full of inaccurate information." ECF No. 42 at 7. He also notes that he did not have an opportunity to review the transcript prior to defendant filing her motion. *Id*. He does not, however, explain how his concern relates to his Rule 56(d) motion. He also does not identify any error or otherwise demonstrate that he was prejudiced by not being able to timely review the transcript. Consequently, speculation about the accuracy of the transcript does not warrant deferring consideration of defendant's motion or preclude the use of the transcript in this action. *See Hollis v. Sloan*, No. 2:08-cv-2674-GEB-KJN (P), 2012 WL 5304756, *3 (E.D. Cal. Oct. 25, 2012) (declining to strike the plaintiff's deposition transcript where plaintiff failed to show that he was prejudiced by not being able to timely review his deposition transcript).

2

1  plaintiff's request was overbroad and that he had not shown that the information was relevant to
2  his retaliation claim. ECF No. 38 at 5. Plaintiff's present motion provides no basis to reconsider
3  that finding.
4      More significantly, plaintiff's motion fails to make the showing required under Rule
5  56(d). Plaintiff does not identify the specific facts that he hopes to elicit from defendant's
6  disciplinary records. He also does not describe with any particularity the information that he
7  expects to be included in the declarations from other inmates.[2] His motion also makes no attempt
8  to explain how the information he wishes to obtain is necessary to defeat summary judgment.
9      Accordingly, there is no basis to defer consideration of defendant's motion. Nevertheless,
10 given plaintiff's pro se status, the court will grant an extension to file an opposition to defendant's
11 motion to afford plaintiff an opportunity to respond substantively to defendant's motion. Plaintiff
12 is admonished that absent extraordinary circumstances, no further extensions of time will be
13 granted.
14     Finally, plaintiff has not shown that appointment of counsel is warranted at this time.
15 Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v.*
16 *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an
17 attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296,
18 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C.
19 § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford
20 counsel"); *Rand*, 113 F.3d at 1525. But without a means to compensate counsel, the court will
21 seek volunteer counsel only in exceptional circumstances. In determining whether such
22 circumstances exist, "the district court must evaluate both the likelihood of success on the merits
23 [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the
24 legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

---

[2] Plaintiff has since obtained two of the three declarations he seeks. *See* ECF No. 44 at 5-6. If he can promptly obtain the final declaration, he can include it with his opposition to defendant's motion for summary judgment. However, the court will not further extend the deadline for filing an opposition due to difficulties obtaining the declaration.

Having considered these factors, the court does find not that there are exceptional circumstances warranting appointment of counsel. Plaintiff's motion is therefore denied as to his request for appointment of counsel.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to defer consideration of defendant's motion for summary judgment and to appoint counsel, ECF No. 42, is denied.

2. Plaintiff is granted until January 28, 2022, to file an opposition to defendant's motion for summary judgment.

3. Failure to file an opposition by January 28, 2022, will be deemed a waiver of any opposition. *See* E.D. Cal. L.R. 230(l) ("Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.").

4. No further extensions will be granted absent a showing of extraordinary cause.

5. Defendant may file a reply to plaintiff's opposition, if any, by February 4, 2022.

IT IS SO ORDERED.

Dated:   January 7, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE