UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFALFA GREEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARY BATCHELOR,<br><br>　　　　Defendant. | Case No.  2:19-cv-00538-TLN-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 41 |

　　　　Plaintiff Lifalfa Green, a state prisoner without counsel, filed this section 1983 action alleging that defendant Mary Batchelor violated his First Amendment rights by retaliating against him for engaging in protected conduct. Defendant has filed a motion for summary judgment, arguing that plaintiff cannot establish a First Amendment violation. ECF No. 41. Defendant argues in the alternative that she is entitled to qualified immunity. *Id.* After a review of the pleadings, including plaintiff's opposition, I agree that plaintiff cannot make out his claim and recommend that summary judgment be granted for defendant.

<u>Legal Standards</u>

　　　　Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818

1

1  F.2d 1422, 1436 (9th Cir. 1987).

2  Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The same standards apply both to a motion for summary judgment and a motion for summary adjudication. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing either that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider materials in the record not cited by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.,* 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to

require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

## Background

Plaintiff alleges that, after being transferred to California State Prison-Solano in 2017, defendant placed an "R-Suffix" on his central file, designating him as a sex offender. ECF No. 1 at 8. She allegedly did this in retaliation for plaintiff's having spoken "in defense of [his] rights and privileges [to family visitation]" during a classification committee meeting. *Id.* at 3, 8. Specifically, defendant allegedly took issue with plaintiff going "over her head" and raising the issue of family visitation before the committee. ECF No. 41-5 at 15.

## Analysis

Defendant is entitled to summary judgment because plaintiff cannot establish two of the elements of a viable retaliation claim. In the prison context, a successful First Amendment retaliation claim must have five elements: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Here, a reasonable finder of fact could not conclude that defendant took an adverse action against plaintiff, and the evidence establishes that attachment of the "R-Suffix"

3

advanced a legitimate correctional goal.

Defendant has provided evidence that she was not responsible for affixing the "R-suffix"—specifically, evidence that it was not within her authority to do so. M. McComas is a Classification Staff Representative employed by the California Department of Corrections and Rehabilitation ("CDCR"). ECF No. 41-4 at 1. In a declaration attached to defendant's motion, McComas states that only classification auditors affiliated with CDCR headquarters in Sacramento have the authority to approve the addition of an "R-suffix" to an inmate's file. *Id.* at 2. In the present case, an "R-suffix" was added to plaintiff's file after it was reviewed by an auditor named Bernard. *Id.* at 2, 5. Plaintiff's opposition offers no explanation as to how defendant—who has no alleged connection to Bernard, and who lacked the authority to attach the suffix—was responsible for the adverse action.[1] Thus, he cannot establish the first element of his claim—that defendant took an adverse action against him.

Even if plaintiff had plausibly shown that defendant, and not some other official, added the suffix, summary judgment would still be appropriate, because the adverse action served a legitimate penological purpose. Under CDCR regulations in effect in 2017, family visits could be prohibited for inmates with documented evidence of a prior sex offense, even when the offense did not lead to a criminal conviction. ECF No. 41-3 at 14. The declaration of M. McComas states that one rationale for this policy is "to prevent safety risks to visitors during unsupervised overnight visits, where documentation supports an inmate's predisposition toward sexual assault." ECF No. 41-4 at 3. This proffered rationale merits deference. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) ("[W]e should 'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory."). Plaintiff's institutional file references a 1989 arrest in Los Angeles for "Rape by Force/Fear," ECF No. 41-3 at 18—an arrest which he maintains was unjustified, but which he admits occurred, *see* ECF No. 1 at 9 (acknowledging plaintiff's 1989 arrest in a "sweep"

---

[1] Lest there be any doubt, the adverse action at issue was the attachment of the suffix, not any verbal threat made in connection therewith. *See* ECF No. 1 at 8 (alleging that defendant personally falsified records and attached the suffix to plaintiff's file).

undertaken by the Los Angeles Police Department).  Thus, under prison regulations, attachment of an "R-Suffix" served a legitimate penological purpose.

Based on the foregoing, it is RECOMMENDED that defendant's motion for summary judgment, ECF No. 41, be granted and judgment be entered in her favor.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   February 11, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5